# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

05 CV 10693 REK

ALIREZA HEIDARIABHARI, A 45-647-975    )
                                        )
        Plaintiff,                      )
                                        )    MAGISTRATE JUDGE
v.                                      )
                                        )    CIVIL ACTION FILE NO.
ALBERTO GONZALES, as Attorney General of the )
United States; MICHAEL CHERTOFF as the  )
Secretary of the Department of Homeland Security; )
EDUARDO AGUIRRE, JR. as Director of United )
States Citizenship and Immigration Services; )
DENNIS RIORDAN as District Director of the )
United States Citizenship and Immigration Services )
in Boston, Massachusetts; UNITED STATES )
DEPARTMENT OF HOMELAND SECURITY; )
and UNITED STATES CITIZENSHIP AND )
IMMIGRATION SERVICES,                   )
                                        )
        Defendants.                     )
_____ )

RECEIPT #_____
AMOUNT $_____
SUMMONS ISSUED_____
LOCAL RULE 4.1_____
WAIVER FORM_____
MCF ISSUED_____
BY DPTY. CLK_____
DATE_____

## PLAINTIFF'S COMPLAINT FOR DECLARATORY RELIEF
## IN THE NATURE OF MANDAMUS
## AND FOR OTHER INJUNCTIVE RELIEF

### INTRODUCTION

1.      This action is brought against the Defendants to compel action on an application

for change of status to V visa, and an application for employment authorization, properly

filed by the Plaintiff. The applications were filed and remain within the jurisdiction of the

Defendants, who have improperly withheld action on said applications to Plaintiff's

detriment.

1

## JURISDICTION

2.     This Court has jurisdiction over the present action pursuant to 28 USC §1361,

regarding an action to compel an officer of the United States to perform his duty; 28 USC

§1331, Federal Question Jurisdiction; 28 USC §2201, the Declaratory Judgment Act; 5

USC §702, the Administrative Procedures Act; 8 USC §1329, of the Immigration and

Nationality Act, providing for jurisdiction of this Court over actions arising under said

Act; and the Fifth Amendment to the U.S. Constitution.

3.     Costs and attorneys fees will be sought pursuant to the Equal Access to Justice

Act, 28 USC §2412, et seq.

## VENUE

4.     Venue is proper in this court, pursuant to 28 USC §1391(e), in that this is an

action against officers and agencies of the United States in their official capacities,

brought in the District where a Defendant resides and where a substantial part of the

events or omissions giving rise to Plaintiff's claim occurred. Plaintiff, Alireza

Heidariabhari is a resident of the Commonwealth of Massachusetts, and Defendants,

Department of Homeland Security, et al. are agencies that operate within this district.

2

**PARTIES**

5.      Plaintiff Alireza Heidariabhari is a native and citizen of Iran. He has been married to a Lawful Permanent Resident (hereinafter, "LPR") of the United States since 1998, and, due to various delays by the Defendant, is awaiting the opportunity to become an LPR pursuant to his wife's status. He has been in the United Status pursuant to lawful nonimmigrant visas, and currently has an I-539 Application for Change of Status to a V visa pending. Concurrently with the I-539, Plaintiff filed an I-765 Application for Employment Authorization. Pursuant to the I-765, he received an interim Employment Authorization Document (hereinafter, "EAD") which expired on March 25, 2005. To date, his I-539 Application for Change of Status and his I-765 Application for Employment Authorization have not been adjudicated. In addition, since March 25, 2005 when his Interim EAD expired, the Defendant has failed and refused to issue him a new EAD, thus prohibiting him from working in the United States.

6.      Defendant Alberto Gonzales is Attorney General of the United States, and is charged with supervisory authority of the Department of Justice, and has the authority on questions of law in relation to the Immigration and Nationality Act 8 USC §1103(a)(1) & (g).

7.      Defendant, Michael Chertoff is the Secretary of the Department of Homeland Security and charged under 8 USC §1103(a) with supervising, implementing, and enforcing the Immigration and Nationality Act.

3

8.    Defendant Eduardo Aguirre, Jr. is the Director of United States Citizenship and Immigration Services, and charged under, 8 USC §1103(c), with the implementation of benefits under the Immigration and Nationality Act.

9.    Defendant Dennis Riordan is the District Director of the United Statues Citizenship and Immigration Services in Boston, Massachusetts charged with the authority over implementation of benefits under the Immigration and Nationality Act in the Boston District Office.

10.    Defendant, the United States Department of Homeland Security, is a Federal agency of the United States government that is mandated under, 8 USC §1103(a) to supervise, implement, and enforce the Immigration and Nationality Act, including Applications for Change of Status and Applications for Employment Authorization.

11.    Defendant United States Citizenship and Immigration Services (hereinafter, "USCIS") is an agency involved in the acts challenged in this action, and is a subordinate agency within the Defendant United States Department of Homeland Security.

## FACTUAL ALLEGATIONS

12.    Plaintiff's wife is a Lawful Permanent Resident of the United States. She has been an LPR since May 21, 1997. She became eligible for United States citizenship on May 22, 2002. She applied for Naturalization on or about June 10, 2002. She was interviewed and has fulfilled all of the requirements for Naturalization. To date,

4

approximately three years after the filing of her application, and after numerous inquiries as to the status of her application, she continues to await a decision on her application for naturalization.

13.    Plaintiff and his wife were married in 1998, however because of the long wait for immigrants in the category for spouses of LPRs (Family 2A), Plaintiff could not stay in the United States with his wife. Nonetheless, Plaintiff's wife filed an I-130 Petition for Alien Relative for Plaintiff in October 2000, in the hopes that her husband would soon be able to reside with her in the United States.

14.    In 2001, Plaintiff found a job in the United States as an electrical engineer, and was able to reside and work in the United Status pursuant to lawful H-1B Nonimmigrant Worker status.

15.    In accordance with 8 CFR §214.5, Plaintiff became eligible for a V visa in late 2003 because he was the spouse of a Lawful Permanent Resident, his I-130 Petition was filed before December 21, 2000, and his I-130 had been pending for more than three years.

16.    Plaintiff properly filed an I-539 application for a V visa on April 22, 2004 (Exhibit "A"). At the time, he was in the United States pursuant to lawful H-1B status.

17.     In accordance with 8 USC § 214.15 (d), 8 CFR §214.15, and 66 Fed. Reg. 46697, Plaintiff concurrently filed an I-765 Application for Employment Authorization. (Exhibit "B")

18.     8 CFR §274a.13 states that the USCIS *shall* adjudicate an I-765 Application for Employment Authorization within 90 days of the date of receipt of the application.

19.     The Regulations state that the government's failure to complete the adjudication of the I-765 within 90 days will result in the grant of an interim employment authorization document for a period not to exceed 240 days.

20.     Since the USCIS failed to adjudicate the I-765 in 90 days, Defendant was permitted, under 8 CFR §274a. 13 to apply for and receive an Interim EAD.  Plaintiff did so, and received an Interim EAD.  (Exhibit "C")

21.     Plaintiff's Interim EAD expired on March 25, 2005.  Just prior to the expiration of said EAD, Plaintiff appeared before the Boston District Office of the USCIS in order to obtain a new Interim EAD.  The USCIS officers refused to issue an additional Interim EAD, stating that the maximum period of time an individual is eligible for an Interim EAD is 240 days.

22.    With regard to the Interim EAD, the Regulations state:

> "Failure to complete the adjudication within 90 days will result in
> the grant of an employment authorization document for a period
> not to exceed 240 days. Such authorization shall be subject to any
> conditions noted on the employment authorization document.
> However, if the director adjudicates the application prior to the
> expiration date of the interim employment authorization and denies
> the individual's employment authorization application, the interim
> employment authorization granted under this section shall
> automatically terminate as of the date of the director's adjudication
> and denial." 8 CFR §274a. 13

It is unclear whether the intention of this regulation is to limit an applicant's total

time of eligibility for an Interim EAD to 240 days, or to limit the time for *each*

Interim EAD to 240 days.  However, it would seem inconsistent that the

regulation would require the USCIS to adjudicate an I-765 in 90 days, but then

fail to provide a remedy if the USCIS's failure to adjudicate extended beyond 240

days.  In fact, it seems that the regulation did not anticipate that an I-765

Application for Employment Authorization could take longer than 240 days to

adjudicate.

23.    Furthermore, it is clear that the right to employment authorization in the United

States is a constitutional right.  McNary v. Hatian Refugee Center, Inc., 498 U.S. 479 at

491 (1991) ("… [T]he impact of a denial on the opportunity to obtain gainful

employment is plainly sufficient to mandate constitutionally fair procedures in the

application process.")

7

24.    In accordance with, and pursuant to, the regulations governing 8 USC § 214.15, et seq., Plaintiff paid the fees necessary to file his applications.

25.    The USCIS duly accepted each such fee paid by Plaintiff.

26.    Plaintiff submitted to the USCIS all documentation required by regulation and by statute to be submitted as part of the application procedure.

27.    Plaintiffs submitted to the USCIS documentation sufficient to enable the USCIS to process the applications, and adjudicate said applications.

28.    Plaintiff's application for a V visa has now remained unadjudicated for approximately one year.

29.    Plaintiffs' application for employment authorization has now remained unadjudicated for approximately one year.

30.    The failure to conduct reasonably timely processing and adjudication of the applications is due to a national policy of delaying all such applications. The subject delays are not caused by any factors unique to this plaintiff.

31.    Defendants' refusal to act in this case is, as a matter of law, arbitrary and not in accordance with the law. Defendants willfully, and unreasonably, have delayed in and have refused to, adjudicate Plaintiff's applications for employment authorization and Plaintiff's application for a V visa. Defendants' refusal to act has deprived Plaintiff of

8

the right to employment, the right to a decision regarding his status, and the peace of mind to which Plaintiff is entitled.

32.     The Defendants, in violation of the Administrative Procedures Act, 5 USC §701 et seq., are unlawfully withholding or unreasonably delaying action on Plaintiff's applications and have failed to carry out the adjudicative functions delegated to them by law with regard to Plaintiff's case.

33.     Despite the clear mandate of 5 USC Section 551 et seq., and 8 CFR §274a. 13, requiring the USCIS to process the applications, and adjudicate the applications within a reasonable time, the USCIS has failed and/or refused to do so.

34.     Defendant USCIS's duty to process Plaintiff's applications, and adjudicate said applications "within a reasonable time" is a non-discretionary duty mandated by federal law.

35.     Defendant USCIS's conduct in failing to process Plaintiffs' applications, and adjudicate said applications in a reasonably timely manner have caused unnecessary and injurious delays to Plaintiff, in violation of his rights as alleged herein.

36.     Plaintiff has exhausted all administrative remedies available and has determined that no adequate remedy exists.

# STATUTORY AND REGULATORY FRAMEWORK

37.    Pursuant to 8 CFR §214.15,

(a) Aliens abroad. Under section 101(a)(15)(v) of the Act, certain eligible spouses and children of lawful permanent residents may apply for a V nonimmigrant visa at a consular office abroad and be admitted to the United States in V-1 (spouse), V-2 (child), or V-3 (dependent child of the spouse or child who is accompanying or following to join the principal beneficiary) nonimmigrant status to await the approval of:

(1) A relative visa petition;
(2) The availability of an immigrant visa number; or
(3) Lawful permanent resident (LPR) status through adjustment of status or an immigrant visa.

(b) Aliens already in the United States. Eligible aliens already in the United States may apply to the Service to obtain V nonimmigrant status for the same purpose. *Aliens in the United States in V nonimmigrant status are entitled to reside in the United States as V nonimmigrants and obtain employment authorization.*

(c) Eligibility. Subject to section 214(o) of the Act, an alien who is the beneficiary (including a child of the principal alien, if eligible to receive a visa under section 203(d) of the Act) of an immigrant visa petition to accord a status under section 203(a)(2)(A) of the Act that was filed with the Service under section 204 of the Act on or before December 21, 2000, may apply for V nonimmigrant status if:
(1) Such immigrant visa petition has been pending for 3 years or more; or
(2) Such petition has been approved, and 3 or more years have passed since such filing date, in either of the following circumstances:
(i) An immigrant visa is not immediately available to the alien because of a waiting list of applicants for visas under section 203(a)(2)(A) of the Act; or
(ii) The alien's application for an immigrant visa, or the alien's application for adjustment of status under section 245 of the Act, pursuant to the approval of such petition, remains pending.

(d) The definition of "pending". For purposes of this section, a pending petition is defined as a petition to accord a status under section

10

203(a)(2)(A) of the Act that was filed with the Service under section 204 of the Act on or before December 21, 2000, that has not been adjudicated. In addition, the petition must have been properly filed according to § 103.2(a) of this chapter, and if, subsequent to filing, the Service returns the petition to the applicant for any reason or makes a request for evidence, the petitioner must satisfy the Service request within the time period set forth at § 103.2(b)(8) of this chapter. If the Service denies a petition, but the petitioner appeals that decision, the petition will be considered pending until the administrative appeal is decided by the Service. A petition rejected by the Service as not properly filed is not considered to be pending. (emphasis added)

38.    Under the same title, 8 USC § 214.15 (d), aliens in V nonimmigrant status may

apply for employment authorization:

(h) Employment authorization. An alien in V nonimmigrant status may apply to the Service for employment authorization pursuant to this section and § 274a.12(a)(15) of this chapter. An alien must file Form I-765, Application for Employment Authorization, with the fee required by 8 CFR 103.7. The Service will grant employment authorization to aliens in V nonimmigrant status who remain eligible for V nonimmigrant status valid for a period equal to the alien's authorized admission as a V nonimmigrant.

39.    Further, in accordance with the Federal Register, 66 Fed. Reg. 46697 (2001),

An alien in valid V nonimmigrant status is eligible for employment authorization as long as he or she remains in that status. In order to obtain employment authorization, the alien must submit Form I-765, Application for Employment Authorization, with the application fee, currently $ 100, as required by 8 CFR 103.7(b)(1), or a request for a fee waiver in accordance with 8 CFR 103.7(c). An alien in V nonimmigrant status should submit his or her Form I-765 to: U.S. Immigration and Naturalization Service, P.O. Box 7216, Chicago, IL 60680-7216.

If the alien's application for employment authorization is approved, the Service will grant the alien employment authorization for a period of time to match his or her period of authorized stay as a V nonimmigrant. *An alien already in the United States who is applying for V status may file for employment authorization at the same time he or she files Form I-*

*539 and Supplement A to Form I-539*. (emphasis added)

40.    Pursuant to 8 CFR § 274a.12, Classes of aliens authorized to accept employment,

(a) Aliens authorized incident to status. Pursuant to the statutory or regulatory reference cited, the following classes of aliens are authorized to be employed in the United States without restrictions as to location or type of employment as a condition of their admission or subsequent change to one of the indicated classes. Any alien who is within a class of aliens described in paragraphs (a)(3), (a)(4), (a)(6)-(8), or (a)(10)-(16) of this section, and who seeks to be employed in the United States, must apply to the Bureau of Citizenship and Immigration Services (USCIS) for a document evidencing such employment. USCIS may, in its discretion, determine the validity period assigned to any document issued evidencing an alien's authorization to work in the United States.
(15) Any alien in V nonimmigrant status as defined in section 101(a)(15)(V) of the Act and 8 CFR 214.15.

41.    Pursuant to 8 CFR §274a.13, Applications for employment authorization,

(d) Interim employment authorization. The district director *shall* adjudicate the application within 90 days from the date of receipt of the application by the INS, except in the case of an initial application for employment authorization under § 274a.12(c)(8), which is governed by paragraph (a)(2) of this section, and § 274a.12(c)(9) insofar as it is governed by §§ 245.13(j) and 245.15(n) of this chapter. Failure to complete the adjudication within 90 days will result in the grant of an employment authorization document for a period not to exceed 240 days. Such authorization shall be subject to any conditions noted on the employment authorization document. However, if the director adjudicates the application prior to the expiration date of the interim employment authorization and denies the individual's employment authorization application, the interim employment authorization granted under this section shall automatically terminate as of the date of the director's adjudication and denial. (emphasis added)

## EXHAUSTION OF REMEDIES

42.     Plaintiff has exhausted his administrative remedies. Plaintiff has made numerous inquiries in an attempt to secure adjudication of his applications, all to no avail. Accordingly, Plaintiff has been forced to retain the services of an attorney to pursue the instant action.

## FIRST CLAIM FOR RELIEF

43.     Plaintiff realleges paragraphs 1 through 42 as if fully set forth herein.  Plaintiff is entitled to an order in the nature of mandamus to compel Defendants to promulgate the regulations, to process Plaintiff's application, and, to adjudicate Plaintiff's application for a V visa in a reasonably timely manner.

44.     Plaintiff is entitled to injunctive relief to prevent the USCIS from engaging in a willful failure to process Plaintiff's application, and to require the USCIS to adjudicate his application in a reasonably timely manner.

45.     Defendants willfully, and unreasonably, delayed and refused to adjudicate Plaintiff's V visa application, thereby depriving Plaintiff of the ability to have peace of mind as to his status, and to be employed in the United States, to which Plaintiff is entitled under federal law.

46.    Defendants owe Plaintiff the duty to act upon his V visa application, and have unreasonably failed to perform that duty. Plaintiff has provided all relevant information and facts on his case.

47.    Compelling factors genuinely exist in the Plaintiff's case, as he has been deprived of the right to feel secure in his status in the United States, a benefit to which he has proven eligibility.

48.    Plaintiff has exhausted any administrative remedies that may exist. No other remedy exists for Plaintiff to resolve Defendant's delay.

49.    Plaintiff is eligible for payment of attorney's fees, related expenses, and costs pursuant to the Equal Access to Justice Act, 28 USC Section 2412.

## SECOND CLAIM FOR RELIEF

50.    Plaintiff realleges paragraphs 1 through 49 as if fully set forth herein.  Plaintiff is entitled to an order in the nature of mandamus to compel Defendants to promulgate the regulations, to process Plaintiff's application, and, to adjudicate Plaintiff's application for employment authorization in a reasonably timely manner.

51.    Plaintiff is entitled to injunctive relief to prevent the USCIS from engaging in a willful failure to process Plaintiff's application, and to require the USCIS to adjudicate his application in a reasonably timely manner.

52.    Defendants willfully, and unreasonably, delayed and refused to adjudicate Plaintiff's application for employment authorization, thereby depriving Plaintiff of the ability to be employed in the United States, to which Plaintiff is entitled under federal law.

53.    Defendants owe Plaintiff the duty to act upon his application for employment authorization, and have unreasonably failed to perform that duty. Plaintiff has provided all relevant information and facts on his case.

54.    Compelling factors genuinely exist in the Plaintiff's case, as he is prohibited from working, and supporting himself and his family, a right to which he has proven eligibility.

55.    Plaintiff has exhausted any administrative remedies that may exist. No other remedy exists for Plaintiff to resolve Defendant's delay.

56.    Plaintiff is eligible for payment of attorney's fees, related expenses, and costs pursuant to the Equal Access to Justice Act, 28 USC Section 2412.

## PRAYER FOR RELIEF

WHEREFORE, in view of the arguments and authority noted herein, Plaintiff respectfully requests that the Defendants be cited to appear herein and that, upon due consideration, the Court enter an order:

      (a)    requiring Defendants to adjudicate Plaintiff's I-539 application for a V visa, and I-765 Application for Employment Authorization;

      (b)    awarding Plaintiff reasonable attorney's fees; and

      (c)    granting such other relief at law and in equity as justice may require.

Respectfully submitted,

Plaintiff,
**ALIREZA HEIDARIABHARI**,
By his attorney,

Shiva Karimi, Esq.
**KARIMI & HOMSY, P.C.**
268 Summer Street
Boston, Massachusetts 02210-1108
(617) 292-3636
BBO No. 642332
Dated: April 5, 2005

16

# LIST OF ATTACHMENTS

| Exhibit | Description |
| --- | --- |
| A | I-797 Receipt Notice for I-539 Application to Change Status to V visa |
| B | I-797 Receipt Notice for I-765 Application for Employment Authorization |
| C | Employment Authorization Document |

EXHIBIT "A"

# THE UNITED STATES OF AMERICA

| Receipt Number:<br><br>MSC-04-205-19445 | | Case Type:<br><br>I-539 - Application to Extend/Change Nonimmigrant Status | |
|---|---|---|---|
| Received Date:<br>April 22, 2004 | Priority Date: | Applicant:    A300090859<br>HEIDARIABHARI, ALIREZA | |
| Notice Date:<br>April 26, 2004 | Page    1 OF 1 | ASC Code:    1 | |

| ALIREZA HEIDARIABHARI<br>300 PARK TERRACE DRIVE APT 357<br>STONEHAM MA 02180 | Notice Type:    Receipt Notice<br><br>Amount Received:    $190.00 |
|---|---|

The above application has been received.  Please notify us immediately if any of the above information is incorrect.

**FINGERPRINTING -**

The next step is to have your fingerprints taken at an BCIS Application Support Center (ASC).

Call our National Customer Service Center (NCSC) at **1-800-375-5283** to schedule your appointment.  (The TDD hearing impaired number is **1-800-767-1833**.)

It is important that you schedule your appointment.  If you do not, or if you do not appear for your appointment, it could cause your application to be denied.  If you need to reschedule your appointment, please call the NCSC at **1-800-375-5283**.

**WHAT TO BRING TO YOUR APPOINTMENT -**
Please bring this letter and your photo identification to your appointment.  Acceptable kinds of photo identifications are:
- a passport or national photo identification issued by your country,
- a driver's license,
- a military photo identification, or
- a state-issued photo identification card.

**If you do not bring this letter and photo identification, we cannot process you.**
**[Please bring a copy of all receipt notices received from BCIS in relation to your current application for benefits.]**

**CASE STATUS -**
It usually takes 60 to 180 days from when your fingerprints are taken to process this type of case.  So it is important that you call to schedule your fingerprint appointment.

We will send you a written notice as soon as we make a decision on your case.

If you have access to the Internet, you can visit BCIS at  www.bcis.gov.  You can get valuable information about forms, filing instructions, and about general immigration services and benefits.

BIOMETRICS PROCESSING STAMP
ASC SITE CODE:    X60
BIOMETRICS QA REVIEW BY:
ON
TENPRINTS QA REVIEW BY:
ON  5-3-04



U.S. Department of Homeland Security Citizenship and Immigration Services
P.O. BOX 7216
427 S. Lasalle 3rd Floor
CHICAGO, IL 60680-7216
Customer Service Telephone: 1-800-375-5283

Form I-797C (Rev. 09/07/01) N
4454898

EXHIBIT "B"

# THE UNITED STATES OF AMERICA

| Receipt Number:<br><br>MSC-04-205-19446 | Case Type:<br><br>I-765 - Application for Employment Authorization Document |
|---|---|
| Received Date:<br>April 22, 2004 | Priority Date: | Applicant:<br><br>HEIDARIABHARI, ALIREZA |
| Notice Date:<br>April 26, 2004 | Page    1 OF 1 | ASC Code:    2 |

| ALIREZA HEIDARIABHARI<br>300 PARK TERRACE DRIVE APT 357<br>STONEHAM MA 02180 | Notice Type:    Receipt Notice<br><br>Amount Received:    $120.00 |
|---|---|

The above application has been received. Please notify us immediately if any of the above information is incorrect.

**BIOMETRICS -**

The next step is to have your fingerprints, photograph, and signature taken at an BCIS Application Support Center (ASC).

Call our National Customer Service Center (NCSC) at **1-800-375-5283** to schedule your appointment. (The TDD hearing impaired number is **1-800-767-1833**.)

It is important that you schedule your appointment. If you do not, or if you do not appear for your appointment, it could cause your application to be denied. If you need to reschedule your appointment, please call the NCSC at **1-800-375-5283**.

**WHAT TO BRING TO YOUR APPOINTMENT -**
Please bring this letter and your photo identification to your appointment. Acceptable kinds of photo identifications are:
- a passport or national photo identification issued by your country,
- a driver's license,
- a military photo identification, or
- a state-issued photo identification card.

**If you do not bring this letter and photo identification, we cannot process you.**
**[Please bring a copy of all receipt notices received from BCIS in relation to your current application for benefits.]**

**CASE STATUS -**
It usually takes 60 to 180 days from when your fingerprints are taken to process this type of case. So it is important that you call to schedule your fingerprint appointment.

We will send you a written notice as soon as we make a decision on your case.

If you have access to the Internet, you can visit BCIS at www.bcis.gov. You can get valuable information about forms, filing instructions, and about general immigration services and benefits.

BIOMETRICS PROCESSING STAMP
ASC SITE CODE    XBO
BIOMETRICS QA REVIEW BY:
8173    ON 5 - 4 - 0X
TENPRINTS QA REVIEW BY:
ON

U.S. Department of Homeland Security Citizenship and Immigration Services
P.O. BOX 7216
427 S. Lasalle 3rd Floor
CHICAGO, IL 60680-7216
Customer Service Telephone: 1-800-375-5283



Form I-797C (Rev. 09/07/93) N    4454898

`

**EXHIBIT "C"**



FORM I-688B JAN 89

The person identified on the reverse of this card is authorized to engage in employment in the United States pursuant to Section 274A of the Immigration and Nationality Act, as amended, during the period of validity of the card and in accordance with the restricting terms stated on the reverse of the card.

This document is <u>VOID</u> if altered and may be revoked pursuant to 8 CFR 274a. This document is not evidence of citizenship or permanent residence in the United States. If this card is found please return to the nearest office of the Immigration and Naturalization Service.

FORM I-688B JAN 89

## CERTIFICATE OF SERVICE

This is to certify that I have this day served the following individuals in the foregoing matter with one copy of the foregoing PLAINTIFF'S COMPLAINT FOR DECLARATORY RELIEF IN THE NATURE OF MANDAMUS AND FOR OTHER INJUNCTIVE RELIEF by Federal Express, postage prepaid, as follows:

United States Attorney
U.S. Courthouse, Suite 9200
1 Courthouse Way
Boston, Massachusetts 02210

U.S. Attorney General
Department of Homeland Security
950 Pennsylvania Avenue, N.W., Room 4545
Washington, DC 20530-0001

Office of District Counsel
Department of Homeland Security
JFK Federal Building, Room 425
15 New Sudbury Street
Boston, MA 02203

This 5th day of April, 2005.

Shiva Karimi, Esq.
KARIMI & HOMSY, P.C.
268 Summer Street
Boston, Massachusetts 02210-1108
(617) 292-3636
Mass BBO No. 642332

18

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1.  Title of case (name of first party on each side only)___Alireza Heidariabhari v. Alberto Gonzales, et al.___

2.  Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

- [ ] I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

- [x] II.   195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121
          740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.   for patent, trademark or copyright cases

- [ ] III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
          315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
          380, 385, 450, 891.

- [ ] IV.   220, 422, 423, 430, 460, 480, 490, 610, 620, 630, 640, 650, 660,
          690, 810, 861-865, 870, 871, 875, 900.

- [ ] V.    150, 152, 153.

3.  Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.
    N/A

4.  Has a prior action between the same parties and based on the same claim ever been filed in this court?
    YES [ ]    NO [x]

5.  Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
    YES [ ]    NO [x]

    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
    YES [ ]    NO [x]

6.  Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
    YES [ ]    NO [x]

7.  Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
    YES [x]    NO [ ]

    A.    If yes, in which division do all of the non-governmental parties reside?
          Eastern Division [x]    Central Division [ ]    Western Division [ ]

    B.    If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
          Eastern Division [ ]    Central Division [ ]    Western Division [ ]

8.  If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
    YES [ ]    NO [x]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME   Shiva Karimi, Esq., Karimi & Homsy, PC
ADDRESS   268 Summer Street, Boston, Massachusetts 02210-1108
TELEPHONE NO.   617 292-3636          Fax: 617 292-0019

(CategoryForm.wpd  - 2/15/05)

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

## DEFENDANTS

**(b)** County of Residence of First Listed Plaintiff    Middlesex County, MA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant    Suffolk County, MA
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
hiva Karimi, Esq., Karimi & Homsy, PC
68 Summer Street, Lower Level, Boston, MA 02210-1108

Attorneys (If Known)
U.S. Attorney, U.S. Attorney General, and District Counsel for U.S.
Department of Homeland Security

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☐ 3  Federal Question (U.S. Government Not a Party)
- ☒ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product    Med. Malpractice | ☐ 625 Drug Related Seizure    28 USC 157 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability / ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel &    Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander / ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'    Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability    Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product    **PERSONAL PROPERTY** | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability / ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle / ☐ 380 Other Personal | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability    Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal / ☐ 385 Property Damage | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury    Product Liability | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment    Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/    **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations / ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - / ☒ 540 Mandamus & Other | | | Under Equal Access |
| | Employment / ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - / ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC §1361, 28 USC §1331, 28 USC §2201, 5 USC §702, 8 USC §1329, 5 USC §504, 28 USC §2412
Brief description of cause:
Action to compel US Government to adjudicate Plaintiff's immigration applications

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):    JUDGE                DOCKET NUMBER

DATE: 04/05/2005

SIGNATURE OF ATTORNEY OF RECORD

## FOR OFFICE USE ONLY

RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____